**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAMARA D. MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-02577** |
| **DAVID P. STEINER**<br>**POSTMASTER GENERAL, ET AL** | **SECTION: "C" (4)** |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss Parties (R. Doc. 20)** filed by Defendant, David P. Steiner, seeking to dismiss the federal Defendants for lack of subject matter jurisdiction. The Motion is unopposed.

## I. Introduction

### A. Factual Background

Plaintiff, Tamara D. Moore ("Moore") , pro se, filed this lawsuit against David P. Steiner, Postmaster General of the United States Postal Service ("the Postal Service"), and the Federal Defendants: Willie Williams, Postmaster General, Mandeville, St. Tammany Parish; Courtney Williams, Supervisor, Chalmette, St. Bernard; and Tybryson Miller, Supervisor, Harvey, Jefferson Parish. *See* R. Doc. 1 at 2. These individuals are or were supervisory and management officials at various post office locations at all pertinent times hereto. *See id.*

Using a form complaint supplied by the Clerk's Office for employment discrimination complaints, Plaintiff checked off boxes indicating that her suit is being brought under Title VII, the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112 to 12117, the Rehabilitation Act of 1973, and unspecified Louisiana state law and Gretna city or county law. *See id*. at 3. The other

boxes Plaintiff checked indicate that she is alleging failure to accommodate disability, unequal terms and conditions of employment, retaliation, and harassment. *See id.* at p. 4

## II. Standard of Review

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). "On a Rule 12(b)(1) motion, the party seeking to invoke federal jurisdiction has the burden [of proof]." *Boudreaux v. La. State Bar Ass'n*, 3 F.4th 748, 753 (5th Cir. 2021). The district court should only grant a 12(b)(1) motion "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161.

In the Fifth Circuit, the standard of review applicable to motions to dismiss under Rule 12(b)(1) resembles the standard of review for motions to dismiss under Rule 12(b)(6) but also allows the Court to consider a broader range of materials. *El v. United States*, No. 21-968, 2021 WL 4148118, at *3 (E.D. La. Sept. 13, 2021) (citing *Williams v. Wynne*, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)). Under 12(b)(6), the district court "must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Schlesinger v. ES & H, Inc.*, No. 11-294, 2011 WL 3900577, at *2 (E.D. La. Sept. 2, 2011) (Lemelle, J.) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).

## III. Analysis

Moore named Willie Williams, Courtney Williams, and Tybrysom Miller as Defendants in this discrimination matter. R. Doc. 1. However, David Steiner is the Postmaster General or Agency head for the United States Postal Service.

Title 42 U.S.C. § 2000e-16(c) permits most federal employees to seek relief in federal court from unlawful employment practices. *Pacheco v. Mineta*, 448 F.3d 783, 787-88 (5th Cir. 2006). As in other Title VII cases, a federal employee must first exhaust her administrative remedies by filing a charge of discrimination with the EEO division of the employing agency. *Id.* (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976); *Martinez v. Dep't of U.S. Army*, 317 F.3d 511 (5th Cir. 2003); 29 C.F.R. § 1614.105-107 (2005)).

Title 42 U.S.C. § 2000e-16(c) also provides that the appropriate party defendant in a discrimination lawsuit brought by a federal employee is "the head of the department, agency, or unit." In *Hall v. Small Business Administration*, the Fifth Circuit dismissed the employee's claims against the regional directors of a government agency because Title VII requires that only the agency head can be named as a proper defendant in Title VII cases against the federal government. *See Hall v. Small Bus. Admin.*, 695 F.2d 175, 180 (5th Cir. 1983) ("There is patently no cause of action against the [agency], its regional director, or its district director.... Only the Administrator [of the agency] was a proper defendant.").

Willie Williams, Courtney Williams, and Tybrysom Miller are individual employees of the Postal Service. Therefore, they are not subject to suit pursuant to Title VII. The proper Defendant is the Postmaster General David Steiner who is also already a party. Therefore, the claims against Willie Williams, Courtney Williams, and Tybrysom Miller are dismissed with prejudice because the Court lacks jurisdiction over the asserted claims.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, David P. Steiner's **Motion to Dismiss Parties (R. Doc. 20)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Tamara D. Moore's claims against Defendants Willie Williams, Courtney Williams, and Tybrysom Miller be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction pursuant to 12(b)(1).

New Orleans, Louisiana, this 6th day of October 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**